# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 06-2689
_____

R.S. McCullough; Darrell Brown, Sr.,      *
                                          *
          Appellants,                     *
                                          *
     v.                                   *
                                          *
Stark Ligon, in his capacity of           *
Executive Director of Arkansas            *
Committee on Professional Conduct;        *
J. Michael Cogbill, in his capacity as    *
Chairman of APCC Panel; State of          *
Arkansas; Tom Glaze, in his official      *   Appeal from the United States
capacity as Justice of the Arkansas       *   District Court for the
Supreme Court; Robert Brown, in his       *   Eastern District of Arkansas.
official capacity as Justice of the        *
Arkansas Supreme Court; Betty             *        [UNPUBLISHED]
Dickey, in her official capacity as       *
Justice of the Arkansas Supreme           *
Court; James Hannah, in his official      *
capacity as Justice of the Arkansas       *
Supreme Court; Annabelle Clinton          *
Imber, in her official capacity as        *
Justice of the Arkansas Supreme           *
Court; Donald Corbin, in his official     *
capacity as Justice of the Arkansas       *
Supreme Court; Jim Gunter, in his         *
official capacity as Justice of the       *
Arkansas Supreme Court,                   *
                                          *
          Appellees.                      *

_____

Submitted: March 24, 2008
Filed: March 27, 2008
_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

R.S. McCullough and Darrell Brown, Sr., (plaintiffs) appeal the district court's[1] order remanding their attorney disciplinary proceedings back to Arkansas state court. We have jurisdiction to review the remand order because plaintiffs purported to remove their disciplinary proceedings under 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d) (providing an order remanding a case is not reviewable on appeal, except an order remanding a case which was removed pursuant to § 1443 shall be reviewable); Neal v. Wilson, 112 F.3d 351, 354-55 (8th Cir. 1997) (reviewing district court's remand order because disbarment proceedings were removed under § 1443).

We conclude the district court's remand was proper because plaintiffs did not allege facts showing a state law or other "equally firm prediction" has prevented or will prevent them from enforcing their rights under 42 U.S.C. § 1981. See 28 U.S.C. § 1443(1) (stating a civil action commenced in state court can be removed to federal court when an action is against any person who is denied or cannot enforce in state court any law providing for the equal rights of United States citizens); Georgia v. Rachel, 384 U.S. 780, 792, 800, 803-04 (1966) (explaining, for a case to be removable under § 1443, defendant must rely upon law providing for specific civil rights stated in terms of racial equality, and must show that, due to a formal expression of state law or other equally firm prediction, he would be denied or cannot enforce federal rights

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation in the Eastern District of Arkansas.

-2-

in state court); <u>Neal</u>, 112 F.3d at 355 (concluding the district court properly remanded disbarment proceedings where the defendant failed to meet § 1443(1) requirements; agreeing with the district court that defendant's contentions "boil[ed] down to little more than a belief by him that, since the state actors disagree with him and his lawyers, they must have racially discriminatory motives" (internal quotation marks omitted)).  We also agree with the district court that plaintiffs were not entitled to a hearing to determine whether the disciplinary proceedings were removable.  <u>See</u> <u>News-Texan, Inc. v. City of Garland, Texas</u>, 814 F.2d 216, 218 (5th Cir. 1987) (deciding "no evidentiary hearing is required if the section 1443 grounds purportedly justifying removal are patently invalid from the face of the removal petition").

     We affirm.

_____